PAGE v. CRANFORD.

1. MARRIED WOMEN—MORTGAGE.—Where a married woman held the legal title to a half interest in a tract of land, conveyed to her by her brother as security for a debt which the brother had afterwards paid, her mortgage of such moiety at her brother's request, when he was under a threat of criminal prosecution, to pay another debt due by him, is a valid instrument.
2. FINDINGS OF FACT by the Circuit Judge, from testimony heard by him, sustained.

Before WATTS, J., Chester, March, 1894.

Action by John R. Page against Benjamin P. Cranford and N. J. McGuckin.

*Mr. G. W. S. Hart,* for appellant.

*Mr. J. K. Henry,* contra.

February 19, 1895. The opinion of the court was delivered by

MR. JUSTICE POPE. The plaintiff began his action for foreclosure of a mortgage on the undivided half interest in a tract of land containing 178 acres, situated in Chester County, in this State, executed to him in July, 1892, by the defendant, Nanno J. McGuckin; and he included in his action, as a party defendant, Benjamin P. Cranford, as claiming some interest in the land. The action was commenced in February, 1893. The defendant, Nanno J. McGuckin, alone answered. In her answer, she alleged that the debt sued upon was not hers, nor did it pertain to her separate estate; that she was a married woman when she executed the mortgage, and that she now is a married

woman; that said mortgage was executed by her in the absence of her husband, and while she was in fear and under duress; that the undivided interest in the tract of land mortgaged by her was her own property, freed from any claim or interest therein by her codefendant, her brother, Benjamin P. Cranford.

The action came for trial before his honor, Judge Watts. The defendants were both absent at the trial. Their attorneys had notified them of the same, and the time thereof. The judge ordered the trial to proceed; whereupon the following facts, among others, were developed by the testimony offered before the judge, sitting in chancery: That, in 1889, Benjamin P. Cranford had executed a deed to his sister, Nanno J. McGuckin, for his undivided one-half interest in the tract of land referred to in plaintiff's mortgage, and that the consideration moving him to execute this deed to his sister was the payment by her of some indebtedness of his, but that said indebtedness had been repaid to his sister by the said Benjamin P. Cranford, and she had neglected to reconvey his share of the land to him; that, in 1892, Benjamin P. Cranford had traded, for value, a mule to the plaintiff, without disclosing to him that the same was incumbered by a chattel mortgage, and that, shortly after such trade, the mule was taken from the plaintiff by the mortgagee or under said chattel mortgage; that demand was made by the plaintiff upon Cranford to make good his money, under a threat of legal proceedings if he failed to do so; that, upon the neglect of the said Cranford to promptly repair the wrong he had done the plaintiff in the mule trade, the plaintiff applied to Trial Justice Brawley for a warrant against the said Cranford, and, when the constable charged with its execution went to the house of Mrs. McGuckin for the purpose of arresting Cranford, he conferred with his sister, whereupon she wrote out a mortgage upon the land to secure the value of the mule ($105); but when Page, the plaintiff, carried said instrument to Mr. McFadden, as clerk of court and register of mesne conveyance for Chester County, Mr. McFadden told him it was worthless, and, at Page's request, he prepared the mortgage now sued upon; that the next day it was carried to Mrs. McGuckin, and at first she declined to sign it; but, after conferring

with her brother, Cranford, and in his presence, she did sign it; that the constable was present on both occasions at Mrs. McGuckin's house, with the warrant to arrest Cranford in case a satisfactory settlement could not be had.

Judge Watts filed his decree April 9, 1894, wherein he fully sustained the plaintiff's right to the judgment of foreclosure prayed for. From this decree, the defendant, Mrs. McGuckin, has appealed on the following grounds: (1) Error in finding that "Cranford conveyed his one-half interest in the premises of the complaint to his sister, to secure her until reimbursed for some small claim she had paid for him, with the understanding that, when she was reimbursed, she would reconvey his interest." (2) Error in finding that, "previous to the execution of the note and mortgage, Cranford had settled the claim held by his sister, but his interest had not been reconveyed." (3) Error in finding that "Cranford had his sister to execute the note and mortgage to the plaintiff," and error to find that she executed the note and mortgage voluntarily. (4) Error in the face of the proof, and despite the fact that the case was tried in the absence of both defendants, in finding that there was no evidence of threats, violence, or duress, when the plaintiff, on cross-examination, admitted that the mortgage was only obtained from Mrs. Nanno J. McGuckin (a married woman) by his carrying a constable to her residence with a warrant to arrest her brother. (5) Error in holding that Mrs. Nanno J. McGuckin held the title to one-half of the land in trust for her brother, despite the fact that the mortgage to the plaintiff recited that the half interest in the land that B. P. Cranford conveyed to his sister, Mrs. Nanno J. McGuckin, was the separate estate of the said Nanno J. McGuckin, a married woman. (6) In not holding that the duress was abundantly established out of the mouth of the plaintiff and his witnesses, even in the absence of the defendants; and error in adjudging that the mortgage be foreclosed, and in not adjudging that it was null and void, and that the consideration was illegal, and in not directing that it be delivered up and cancelled, pursuant to the prayer of the answer of Nanno J. McGuckin, defendant. (7) Error in finding that the mortgage was the contract of Benja-

min P. Cranford, executed through his sister; and error in finding that she executed it at his request.   (8) Error in holding that the property covered by the mortgage was the property of Benjamin P. Cranford, in the face of the recitals in the mortgage, to foreclose which plaintiff brought this action; the finding being contrary to the averments of the very instrument upon which the plaintiff bases his action.

This is an action on the equity side of the Court of Common Pleas.  The very object of equity is to lay bare the truth, and, if it is necessary to do this, to upset instruments of writing that do not tell the whole truth, it will be done.   Here Benjamin P. Cranford and his codefendant, Mrs. Nanno J. McGuckin, admit, in the presence of witnesses, that his (Cranford's) deed, made in 1889, to his said sister, Mrs. McGuckin, though absolute on its face, was only intended to secure a debt that she had kindly paid for him; that he had fully repaid to her this debt, but no deed of release to him of the premises had been made by his said sister.   In the mortgage of Mrs. McGuckin to the plaintiff she expressly limits it to the undivided one-half of the tract of land conveyed by her to her said brother, Cranford.   The debt to the plaintiff was his debt. What better use could his property, held in trust for him by his sister, be applied to by her, as his trustee, than to reimburse (at Cranford's request) the plaintiff for the loss of a mule caused by his disregard of plaintiff's rights?   The Circuit Judge has taken the proper view of the matter, in the light of the testimony; but he should have limited the responsibility of Mrs. McGuckin simply to having half interest in the tract of land, which she derived through the deed of her brother, Benjamin P. Cranford, and which she held in trust for him, taken under his judgment therefor, and have the same sold to pay plaintiff's debt.   Mrs. McGuckin should have no liability to the plaintiff beyond this placed upon her.   This conclusion is the logical sequence of the very just judgment of the Circuit Judge.   There is abundant evidence in the case to sustain every finding reached by him, and his conclusions of law are equally tenable.

It is the judgment of this court, that the judgment of the

Circuit Court be affirmed, but that such judgment shall not be extended to include any liability to the plaintiff as the part of Mrs. Nanno McGuckin beyond the undivided half of the tract of land mortgaged to plaintiff, and costs.